UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM, | No. 2:22-cv-2007 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL PIKE, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's complaint raises alleged Eighth Amendment violations by defendants at Mule Creek State Prison ("MCSP"), related to three incidents of sexual assault committed by multiple inmates, all of which took place in December of 2020 and early 2021.[1] (ECF No. 1.) Plaintiff's motion for temporary restraining order or preliminary injunctive relief is before the court. (ECF No. 3.) As discussed below, the undersigned recommends that the motion be denied.

Plaintiff's Motion

Plaintiff seeks an order enjoining defendants from "torturing, extorting, brainwashing, brain scrambling, forcibly sexually assaulting him, tampering with plaintiff's mail and phone

---

[1] In addition to medical and investigative staff at MCSP, plaintiff names multiple staff at the Office of Internal Affairs in Sacramento, as well as nine inmates as defendants. Plaintiff filed his motion for temporary restraining order along with his complaint.

1

calls, or otherwise victimizing and harassing him." (ECF No. 3 at 1.) In his declaration, plaintiff states that he is a victim of "in-prison sex trafficking, human trafficking, sodium pentothal and other forcibly-administered mind-altering drugs by the defendants." (ECF No. 3 at 2.) Plaintiff claims he and his wife are "victims of extortion and prolonged nonconsensual sleep deprivation by defendants at MCSP." (Id.) He has been terrorized, taunted, tormented and tortured by defendants and STG gangs at MCSP, and that the MCSP administrators and prison guards are all involved and aware. He has been held incommunicado since June of 2020, with all of his incoming and outgoing mail being confiscated and destroyed, stealing his postage stamps and blocking all of his telephone calls. In addition, defendants are extorting his wife for money so they do not kill plaintiff. Also, plaintiff just arrived at the California Health Care Facility in Stockton on September 12, 2022. (ECF No. 3 at 2.)

Applicable Law

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the

2

1  plaintiff is entitled to relief.  See Winter, 555 U.S. at 22 (citation omitted).  Also, an injunction
2  against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v.
3  Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a
4  judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

5  Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient
6  nexus between the injury claimed in the motion and the conduct asserted in the underlying
7  complaint.  Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th
8  Cir. 2015).  "The relationship . . . is sufficiently strong where the preliminary injunction would
9  grant relief of the same character as that which may be granted finally."  Id. (quotation marks
10 omitted).  "Absent that relationship or nexus, the district court lacks authority to grant the relief
11 requested."  Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished)
12 (affirming denial of preliminary injunction because the prisoner did not establish a nexus between
13 the claims of retaliation in his motion and the claims set forth in his complaint).

14 Finally, if an inmate seeks injunctive relief with respect to conditions of confinement, his
15 release from custody or transfer to another prison renders the request for injunctive relief moot,
16 unless there is a reasonable expectation of being transferred back or a probability that he will
17 again be subjected to the prison conditions from which he seeks.  Gilbert v. Fernald, 2021 WL
18 1537043, at *3 (C.D. Cal. Mar. 4, 2021), R. & R. adopted, 2021 WL 3666175, at *1 (C.D. Cal.
19 Aug. 17, 2021).

20 Discussion

21 Initially, the court observes that plaintiff does not have standing to pursue claims on
22 behalf of his wife.  Plaintiff may only raise claims personal to himself.

23 Plaintiff's allegations concerning sex trafficking, extortion and interference with
24 plaintiff's mail and phone calls are not included in his complaint.  Thus, he fails to demonstrate a
25 sufficient nexus with his underlying claims such that he may obtain injunctive relief based on his
26 conclusory motion.  Pacific Radiation Oncology, 810 F.3d at 636.

27 ////
28 ////

In addition, plaintiff has now been transferred away from MCSP, rendering his motion for injunctive relief moot. See, e.g., Gilbert, 2021 WL 1537043, at *3. Plaintiff includes no facts suggesting that he expects to be transferred back to MCSP.

For all of the above reasons, plaintiff's motion should be denied.

IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 21, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wind2007.tro