1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES WINDHAM,                        No.  2:22-cv-2007 KJN P

12                  Plaintiff,

13          v.                               ORDER

14   MICHAEL PIKE, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee under 28

24   U.S.C. § 1915(b)(1).  By separate order, the court directs the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's trust account.  These payments will be forwarded by the

28   ////

1    appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

2    $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         As discussed below, plaintiff's complaint is dismissed with leave to amend.

4    Screening Standards

5         The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19   1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

1    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6    The Civil Rights Act

7         To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

8    constitutional or statutory right; and (2) that the violation was committed by a person acting under

9    the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

10   930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

11   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

12   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

13   See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44

14   (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

15   for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679

16   (2009).  The requisite causal connection between a supervisor's wrongful conduct and the

17   violation of the prisoner's constitutional rights can be established in a number of ways, including

18   by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,

19   or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,

20   1208 (9th Cir. 2011).

21   Plaintiff's Complaint

22        Plaintiff alleges that on three separate occasions, while he was housed at Mule Creek State

23   Prison ("MCSP"), he was sexually assaulted in his cell by various gang inmates who used

24   tranquilizers and force.  Plaintiff reported the assaults, but was only provided cursory interviews

25   thereafter, and was not transported to a clinic or hospital for examination or collection of

26   evidence.  Plaintiff was denied PREA protocols and defendants covered up the incidents.  In his

27   second claim, plaintiff also contends that defendant Rondez authored a false disciplinary report

28   claiming plaintiff lied concerning the sexual assaults.  In his second and third claims, plaintiff

1    alleges that defendant Dr. Matharu gave sodium pentothal to inmates West, Fecht, and Prothero to

2    use on plaintiff.  (ECF No. 1 at 7-8.)  In his third claim, plaintiff alleges that a generic medical

3    clinic interview was held on April 1, 2021, by defendants Olsen, King and Weiss, but no physical

4    exam was conducted and no biological evidence was taken.

5         Plaintiff suffered physical pain and suffering, mental anguish, and "brain and genital

6    damage."  (ECF No. 1 at 5.)  Plaintiff seeks money damages, housing in protective custody,

7    injunctive relief, appointment of counsel, and criminal investigations by the FBI or DOJ.

8         On the form complaint, plaintiff marked violations of the Eighth Amendment, including

9    excessive force by an officer, threat to safety, and medical care; disciplinary proceedings, and

10   PREA violations.  As defendants, plaintiff names nine inmates, multiple officers in the Office of

11   Internal Affairs at the California Department of Corrections ("CDCR") in Sacramento, and the

12   Investigative Services Unit at Mule Creek State Prison, two registered nurses, two doctors, and

13   Does 1-500.

14   Discussion

15        Eighth Amendment Claims

16        Plaintiff claims that on April 1, 2021, defendants Registered Nurses King and Olsen, and

17   Dr. Weiss conducted a "generic medical clinic interview."  (ECF No. 1 at 8.)  No physical exam

18   or biological or DNA evidence was taken.  Plaintiff also alleges that Dr. Matharu gave sodium

19   pentothal to gang defendants to drug plaintiff.

20        Prison officials or private physicians under contract to treat inmates "violate the Eighth

21   Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'"  Peralta

22   v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104

23   (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828 (1994).  To state a

24   deliberate indifference claim, a plaintiff must allege facts demonstrating the defendant:

25   (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively

26   culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).

27        "A medical need is serious if failure to treat it will result in 'significant injury or the

28   unnecessary and wanton infliction of pain.'"  Peralta, 744 F.3d at 1081 (quoting Jett v. Penner,

439 F.3d 1091, 1096 (9th Cir. 2006)).  "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'"  Id. at 1082 (quoting Farmer, 511 U.S. at 837).  The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835).  "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'"  Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).  In either case, however, the indifference to the inmate's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

Prisoners have an Eighth Amendment right to be free from sexual abuse.  Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)); Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991).  Sexual abuse is "inconsistent with contemporary standards of decency" and "repugnant to the conscience of mankind," and therefore, violates the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 327 (1986) (internal citations omitted).

Here, the undersigned finds plaintiff's allegation as to Dr. Matharu concerning sodium pentothal to be implausible.  Usually such drug is administered intravenously.  As to defendants Olsen, King and Weiss, plaintiff's claims are too vague to determine whether plaintiff can state a cognizable Eighth Amendment claim against each of them.  Plaintiff alleges such defendants conducted a "generic medical interview," but fails to set forth what each defendant did or did not do that constitutes deliberate indifference.  Plaintiff is reminded that a difference of opinion as to what medical care was to be provided is insufficient to demonstrate deliberate indifference.

////

1   Plaintiff complains that defendants failed to comply with the protocols provided under the

2   Prison Rape Elimination Act of 2003 ("PREA").  "In order to seek redress through § 1983, . . . a

3   plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."

4   Blessing v. Freestone, 520 U.S. 329, 340 (1997) (citation omitted).  The PREA, at 42 U.S.C.

5   § 15601 et seq., "authorizes the reporting of incidents of rape in prison, allocation of grants, and

6   creation of a study commission."  Porter v. Jennings, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25,

7   2012) (citing collected cases).  As relevant here, nothing in the PREA indicates it created a

8   private right of action that is enforceable under 42 U.S.C. § 1983 or otherwise.  Since the PREA

9   itself contains no private right of action, there is no corresponding right enforceable under § 1983.

10  See Graham v. Connor, 490 U.S. 386, 393-94 (1989) ("Section 1983 . . . provides a method for

11  vindicating federal rights conferred elsewhere.").  Thus, plaintiff fails to state a claim under the

12  PREA.

13      Failure to Investigate

14   Plaintiff claims that defendants failed to investigate and failed to properly investigate

15  plaintiff's claims of alleged sexual assaults.  However, such claims do not provide a basis for a

16  plausible § 1983 claim.  To the extent plaintiff is trying to hold defendants liable for an

17  independent, unspecified constitutional violation based upon an allegedly inadequate

18  investigation, there is no such claim.  See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.

19  1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate

20  investigation as sufficient to state a civil rights claim unless there was another recognized

21  constitutional right involved."); Page v. Stanley, 2013 WL 2456798, at *8-9 (C.D. Cal. June 5,

22  2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough

23  investigation of plaintiff's complaints because plaintiff "had no constitutional right to any

24  investigation of his citizen's complaint, much less a 'thorough' investigation or a particular

25  outcome"); See also Pickett v. Williams, 498 F. App'x 699, 700 (9th Cir. 2012) ("[T]here is no

26  constitutional right to request an investigation or receive administrative review of prison

27  disciplinary proceedings.")  Thus, plaintiff's claims that defendants employed at the Office of

28  ////

6

Internal Affairs or the Investigative Services Unit ("ISU") failed to "properly" investigate plaintiff's allegations, such claims are dismissed without leave to amend.

Plaintiff also appears to allege that defendants employed in the Investigative Services Unit ("ISU") were deliberately indifferent to plaintiff's serious medical needs. But it is unclear how plaintiff reported the assaults to the ISU defendants, and whether an ISU officer is responsible to take plaintiff to medical care, particularly where plaintiff reported the alleged sexual assaults to ISU defendants the next day. In addition, in his first claim, plaintiff alleges that nonparty Laughlin returned plaintiff to his cell without waiting for plaintiff's advocate, nonparty Dr. Jensen, to return, and without escorting plaintiff to a clinic or hospital. (ECF No. 1 at 5.) In his third claim, it appears plaintiff was taken to medical on April 1, 2021, two days after the third alleged assault. Although plaintiff claims the clinic interview was "generic," he alleges no facts demonstrating that any ISU defendant was linked to plaintiff's medical care at the clinic.

Consequently, plaintiff is granted leave to amend to include specific factual allegations as to each defendant he contends was deliberately indifferent to plaintiff's serious medical needs. Plaintiff should avoid generally referring to "defendants," instead setting forth what each defendant did or did not do that plaintiff contends demonstrates each defendant's deliberate indifference.

### False Rules Violation Report

Plaintiff alleges defendant Rondez issued plaintiff a false disciplinary report claiming that plaintiff lied about the sexual assaults.

A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006). A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate was not afforded procedural due process in the hearing on the disciplinary charge. See Pratt v. Rowland, 769 F.Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards' "filing of unfounded charges did not give rise to a per se constitutional violation actionable under section 1983"); Sprouse v. Babcock, 870 F.2d 450, 452

7

1    (9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional

2    claim) and Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (guards' fabrication of

3    evidence does not state a claim if procedural protections are provided during disciplinary

4    hearing).  Here, the complaint lacks any allegation that plaintiff was deprived of procedural due

5    process at a disciplinary hearing or that defendant Rondez filed a false report against plaintiff in

6    response to plaintiff's protected conduct.

7           Improper Defendants

8           Although plaintiff marked the box "excessive force by an officer," plaintiff includes no

9    allegations that a correctional officer or other prison employee used excessive force against

10   plaintiff.  Rather, plaintiff names as defendants various inmates who allegedly sexually assaulted

11   plaintiff by use of force and tranquilizers.

12          Plaintiff names nine inmates as defendants.  As set forth above, plaintiff must demonstrate

13   that the violation was committed by a person acting under the color of state law.  See West v.

14   Atkins, 487 U.S. at 48.  The inmates who allegedly sexually assaulted plaintiff were members of

15   prison gangs, but plaintiff includes no allegations demonstrating that such inmates acted under

16   color of state law.  Therefore, the inmate defendants are dismissed without leave to amend.

17          Doe Defendants

18          In addition, plaintiff names doe defendants 1-500 in his complaint.  The Ninth Circuit has

19   held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff

20   should be given an opportunity through discovery to identify the unknown defendants, unless it is

21   clear that discovery would not uncover the identities or that the complaint would be dismissed on

22   other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v.

23   Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  However, in his complaint, plaintiff does not

24   identify each defendant doe and his or her alleged act or omission which plaintiff contends

25   violated his constitutional rights.  This is insufficient to put prospective defendants on notice of

26   their alleged actions or omissions that plaintiff claims violate his federal rights.  In order to link

27   these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's

28   federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list

8

1    the doe defendants involved.  If plaintiff can only list these defendants as John Doe, plaintiff must

2    identify the John Doe as best as possible, and allege specific acts that these doe defendants did,

3    such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Plaintiff is reminded that "[a]

4    plaintiff must allege facts, not simply conclusions, that show that an individual was personally

5    involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th

6    Cir. 1998).

7    Leave to Amend

8          The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

9    unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

10   court determines that the complaint does not contain a short and plain statement as required by

11   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

12   must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty.

13   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

14   degree of particularity overt acts which each defendant engaged in that support plaintiff's claim.[1]

15   Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

16   complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

17         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

18   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

19   West v. Atkins, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each

20   named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

21   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

22   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

23   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

24

25   _____

     [1]  A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P.
     18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is

26   asserted against them jointly, severally, or in the alternative with respect to or arising out of the
     same transaction, occurrence, or series of transactions and occurrences" and "any question of law

27   or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated
     claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,

28   507 F.3d 605, 607 (7th Cir. 2007).

                                              9

1 participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

2 268 (9th Cir. 1982).

3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5 complaint be complete in itself without reference to any prior pleading.  This requirement exists

6 because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

7 v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

8 supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

9 omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

10 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

11 and the involvement of each defendant must be sufficiently alleged.

12 Subsequent Request

13       On November 16, 2022, plaintiff filed a request for a copy of the court's docket sheet

14 claiming he is proceeding in forma pauperis.  (ECF No. 10.)

15       Plaintiff is advised that in forma pauperis status does not entitle plaintiff to free

16 photocopies.  The Clerk's Office will provide copies of documents and of the docket sheet at

17 $0.50 per page.  Checks in the exact amount are made payable to "Clerk, USDC."  Copies of

18 documents in cases may also be obtained by printing from the public terminals at the Clerk's

19 Office or by contacting Cal Legal Support Group at:  3104 "O" Street, Suite 291, Sacramento, CA

20 95816, phone 916-822-2030, fax 916-400-4948.

21       In accordance with the above, IT IS HEREBY ORDERED that:

22       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

23       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26 Director of the California Department of Corrections and Rehabilitation filed concurrently

27 herewith.

28       3.  Plaintiff's complaint is dismissed.

1    4.  Within thirty days from the date of this order, plaintiff shall complete the attached

2    Notice of Amendment and submit the following documents to the court:

3              a.  The completed Notice of Amendment; and

4              b.  An original of the Amended Complaint.

5    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

7    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

8         Failure to file an amended complaint in accordance with this order may result in the

9    dismissal of this action.

10        5.  Plaintiff's request for a copy of the court's docket sheet (ECF No. 10) is denied.

11   Dated:  November 18, 2022

12

13                                        _____
                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
14   /wind2007.14n

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES WINDHAM,                          No. 2:22-cv-2007 KJN P

                    Plaintiff,
12

13          v.                                 NOTICE OF AMENDMENT

14   MICHAEL PIKE, et al.,

                    Defendants.
15

16          Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18                       _____        Amended Complaint

19   DATED:

20

21                                              _____
                                                Plaintiff
22

23

24

25

26

27

28